**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**CRIMINAL NO. 3:95CR12-10
(BROADWATER)**

**KEVIN WINSTON,**

    **Defendant.**

### REPORT AND RECOMMENDATION

On August 17, 2005, the above styled matter came before this Court for an initial appearance and preliminary hearing on a Petition for Warrant or Summons for Offender Under Supervision. Defendant was present in person and by counsel, Brian C. Crockett, Assistant Federal Public Defender. Assistant United States Attorney Thomas O. Mucklow appeared on the government's behalf.

### PROCEDURAL HISTORY

On November 30, 1995, Defendant was indicted in the United States District Court for the Northern District of West Virginia for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, the defendant pled guilty and was committed to the custody of the United States Bureau of Prisons for a term of sixty-one months. On February 23, 2004, the United State Probation Office submitted the instant petition, alleging that Defendant violated three mandatory conditions of supervised release. Mr. Dickman, the petitioning U.S. Probation Officer, recommended that Defendant's term of supervision be revoked. The petition was signed by the Hon. Frederick P. Stamp, Jr., on February 26, 2004, and a warrant was issued for Defendant's arrest.

Defendant was incarcerated in the Eastern Regional Jail serving a sentence imposed by the State of West Virginia. Defendant was released from the custody of the State of West Virginia on July 5, 2005.

## DISCUSSION

After determining that the defendant had examined a copy of the petition with his attorney, the Court learned that an agreement had been reached between the United States and Defendant. Defendant agreed to serve four months in the Bureau of Prison's custody not to be followed by a term of supervised release in exchange for Defendant's admission to the allegations contained in the petition.

Before accepting the agreement, the Court asked Defendant whether he understood: 1) he had a right to a hearing at which the government would be required to establish the allegations of the petition by clear and convincing evidence; 2) he had a right to confront his accusers and cross-examine the witnesses presented by the United States; 3) he had a right to present witnesses and evidence and could elect to take the stand and testify in his own behalf or could elect to not take the stand; 4) he had a right to the assistance of counsel; and 5) if he waived the right to a hearing, no hearing would be held and the United States would not be required to produce any evidence or witnesses to prove the allegations in the petition and those allegations would be taken as admitted and true. The defendant stated he understood he was waiving those rights. The Court accepted Defendant's waiver of the hearing and accepted his admission of the petition's allegations.

## FINDINGS OF FACT AND CONCLUSIONS

This Court makes following findings of fact based upon clear and convincing proof from the uncontested and admitted allegations contained in the petition:

1. Defendant knowingly and voluntarily waived his rights and admitted guilt concerning the allegations in the petition.

2. In January and February 2004, during Defendant's supervised release term, Defendant failed to report to the United States Probation Department.

3. During Defendant's supervised release term, Defendant failed to report to the United States Probation Department that he had moved and/or changed his address.

4. During Defendant's supervised release term, a warrant was issued by the Berkeley County Magistrate Court, charging Defendant with domestic battery.

5. All three actions constitute violations of either mandatory or standard conditions of Defendant's supervised release.

6. There is a preponderance of evidence proving Defendant violated the mandatory and standard conditions of his supervised release.

7. Defendant and the government have agreed that Defendant shall serve four months in the Bureau of Prison's custody, not to be followed by a of supervised release.

## RECOMMENDATIONS

The undersigned respectfully recommends that:

1. Defendant's supervised release be revoked;

2. The District Court adopt the agreement and sentence Defendant to four months in the custody of the Bureau of Prisons;

3. Upon completion of sentence, Defendant be discharged from supervised release; and

4. Defendant be given credit for time served since being discharged by the State of West Virginia on July 5, 2005.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit true copies of this Report and Recommendation to Defendant and all counsel of record herein.

**DATED** this 18th day of August, 2005.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE